```
                IN THE UNITED STATES DISTRICT COURT

                     FOR THE DISTRICT OF OREGON

DANIEL BRINK,                                Civil No. 06-1177-HO

           Plaintiff,                        ORDER

     v.

Commissioner of Social Security,

           Defendant.
```

Plaintiff filed this action for review of the latest decision of the Commissioner denying his application for Supplemental Security Income payments.

## Discussion

Plaintiff argues that administrative law judge (ALJ) Atkins misconstrued and misapplied this court's order in finding that plaintiff can perform jobs that require frequent handling, and that ALJ Atkins ignored his own findings when he determined that plaintiff can perform jobs which feature competitive persistence and pace.

The court remanded a prior decision for the Commissioner to determine, among other things, whether plaintiff is disabled without regard to his substance abuse, and to resolve any discrepancy regarding plaintiff's ability to grasp and lift with the amount of handling required by the jobs identified by the vocational expert (VE). (Tr. 898) (<u>Brink v. Barnhart</u>, Civ. No. 04-170-AA (D. Or. Order dated July 27, 2005)). At the first hearing on plaintiff's application, ALJ Schloss included handling and fingering limitations in his hypothetical question to the VE. He did not include them in his written statement of plaintiff's residual functional capacity (RFC), however. The court's order did not require that ALJ Atkins include handling and fingering limitations in his assessment of RFC. ALJ Atkins's hypothetical question is consistent with the written RFC findings of both ALJs, which include a non-exertional manipulative limitation of no more than occasional overhead reaching with the right upper extremity. (Tr. 20, 815, 1253). Plaintiff does not demonstrate that ALJ Atkins's assessment of his RFC is unsupported by substantial evidence.

In his written decision, ALJ Atkins concluded that without consideration of the impact of drug and alcohol abuse, plaintiff has moderate difficulties in concentration, persistence or pace. (Tr. 811). At the hearing, ALJ Atkins described a hypothetical person limited to simple, routine, repetitive work. (Tr. 1254).

As demonstrated by the opinions of several psychologists, ALJ Atkins has not inconsistently assessed plaintiff's limitations with respect to concentration, persistence or pace. (Tr. 480, 482, 614, 616, 811, 1104, 1106).

## Conclusion

Based on the foregoing, the decision of the Commissioner is affirmed. This proceeding is dismissed.

IT IS SO ORDERED.

DATED this __4th__ day of March, 2008.

                                           s/ Michael R. Hogan
                                         United States District Judge